## Richard v. Camden Fire Insurance Co.

*J. Julius Levy* and *Harold C. Edwards*, for plaintiff.
*John Memolo* and *Grant W. Nitrauer*, for defendant.

SHULL, P. J., March 2, 1942.—This matter comes before the court upon a rule to show cause why the said judgment should not be stricken from the record and defendant let into a defense.

The judgment in this case was entered for want of an appearance. The record discloses that this plaintiff instituted his suit on November 13, 1939, on which day summons issued, returnable to the second Monday of December 1939, was duly served upon defendant on November 15th, and return made on December 16th. No plaintiff's statement was filed until November 2, 1940, which statement was not served upon defendant.

On November 4, 1940, this judgment, for want of an appearance, was entered by plaintiff against this defendant.

The Act of June 13, 1836, P. L. 568, sec. 33, provides:

"If the defendant in any writ of summons as aforesaid, shall not appear at the return day thereof, and the officer to whom such writ was directed, shall make return that it was served upon the defendant ten days before the return day aforesaid, it shall be lawful for the plaintiff, having filed his declaration, to take judgment thereon for default of appearance, according to the rules established by the court to regulate the practise in this respect."

Rule XXII of the rules of this court provides:

"Sec. 7. Judgment for want of an appearance may be taken in the Prothonotary's office, upon præcipe, at any time after the return day, in all actions except ejectment and foreign attachment, wherein the writ has been served at least ten days before the return day and the plaintiff has filed a statement or declaration, as the case may be, *before the return day*. If the defendant fails to appear within ten days after the service of the writ, agreeably to Section 34 of the Act of 13th June, 1836, and the plaintiff has filed a declaration or statement, judgment for want of an appearance may be taken on any subsequent day in term time. In actions of ejectment and foreign attachment such judgment shall not be taken before the second term." (Italics supplied.)

Plaintiff failed to file his statement before the return day of the writ as required by our rules of court and, therefore, was not in a position to enter judgment for want of an appearance.

And now, March 2, 1942, rule made absolute, judgment is stricken off, and defendant let into a defense.